T.C. Summary Opinion 2002-141

UNITED STATES TAX COURT

ROBERT P. GEISZLER, JR. AND PENNY V. GEISZLER, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4600-01S.                    Filed October 29, 2002.

Robert P. Geiszler and Penny V. Geiszler, pro sese.

Shelley T. Van Doran, for respondent.

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,193 in petitioners' 1997 Federal income tax. The issue for decision is whether certain benefits received by Penny V. Geiszler on account of an employment-related injury are includable in petitioners' income.

Background

Some of the facts have been stipulated and are so found. Petitioners are husband and wife. They filed a timely 1997 joint Federal income tax return. At the time the petition was filed, petitioners resided in Houston, Texas. References to petitioner are to Penny V. Geiszler.

During 1991, petitioner suffered an employment-related injury. As a result of her injury, she was entitled to receive, and received during 1997 and prior years, the following: (1) State worker's compensation benefits; (2) Social Security disability insurance (SSDI) benefits; and (3) long-term disability benefits attributable to a plan offered by her employer, the cost of which was paid partly by her employer and partly by her.

Notwithstanding the seriousness and debilitating nature of her injury, applying for and receiving the above-mentioned benefits proved to be a frustrating experience for petitioner. For example, her request for worker's compensation benefits was originally denied by her employer's worker's compensation carrier. She began receiving worker's compensation benefits

several years after her injury, but only after she successfully appealed the denial through a State administrative proceeding. Pursuant to the provisions of her long-term disability plan, she was required to apply for SSDI coverage, which became effective sometime during 1994. The SSDI benefits that she received reduced, dollar for dollar, her long-term disability benefits. Similarly, her SSDI benefits were offset, dollar for dollar, by the worker's compensation benefits that she received. See 42 U.S.C. sec. 424a (1994). Receiving benefits from three sources further complicated matters, and she repeatedly received inconsistent notices from the payors regarding overpayments and other irregularities.

According to a Form SSA-1099 issued by the Social Security Administration, petitioner received SSDI benefits totaling $10,779 during 1997. Because of the offset provisions referred to above, worker's compensation benefits of $8,406 received by petitioner during 1997 are included in the amount reported on the Form SSA-1099.

Petitioners reported adjusted gross income of $41,600 on their 1997 return, which amount consists entirely of the wages earned by Robert Geiszler during that year. As in prior years, none of the benefits that petitioner received on account of her injury are included in petitioners' income.

In the notice of deficiency, respondent determined that a portion of the SSDI benefits (including the amount offset by petitioner's worker's compensation benefits) are includable in petitioners' income. Other adjustments made in the notice of deficiency are not in dispute.

Discussion

Worker's compensation benefits are generally excluded from the recipient taxpayer's gross income. Sec. 104(a)(1). Social Security benefits, including SSDI benefits, are includable in the recipient taxpayer's income in accordance with a formula that takes into account a variety of factors, including the amount of Social Security benefits received by the taxpayer and the taxpayer's filing status. See sec. 86. If a taxpayer's Social Security benefits are reduced by amounts received under a worker's compensation act, then, for Federal income tax purposes, the worker's compensation benefits are treated as Social Security benefits. See sec. 86(d)(3)[1]; Mikalonis v. Commissioner, T.C.

---

[1] Sec. 86(d)(3) provides:

SEC. 86(d)(3). Workmen's Compensation Benefits Substituted for Social Security Benefits.--For purposes of this section, if, by reason of sec. 224 of the Social Security Act (or by reason of sec. 3(a)(1) of the Railroad Retirement Act of 1974), any social security benefit is reduced by reason of the receipt of a benefit under a workmen's compensation act, the term "social security benefit" includes that portion of such benefit received under the workmen's compensation act which equals such reduction.

Memo. 2000-281.

In this case, petitioner's SSDI benefits were reduced, dollar for dollar, by the worker's compensation benefits that she received. Her situation is clearly contemplated by section 86(d)(3), and the worker's compensation benefits that she received during the year in issue are subject to Federal income tax as provided in that statute.

Petitioners do not suggest that respondent's application of section 86 is mathematically erroneous, and we are satisfied that it is not. Petitioners explain that petitioner would not have applied for SSDI benefits unless required to do so by her long-term disability plan. They question the fairness of the situation, pointing out that, had she not applied for SSDI benefits, her worker's compensation benefits would not be subject to Federal income tax. According to petitioners, forgoing petitioner's SSDI benefits might have been to their financial advantage.

We appreciate petitioners' consternation; nevertheless, it is the application of controlling law to the undisputed facts that informs our decision--not whether the result is fair or, as petitioners suggest, unfair. Section 86(d)(3) requires that a portion of the SSDI benefits (including the amount offset by worker's compensation benefits) received by petitioner during

1997 must be included in petitioners' income for that year. Respondent's determination in this regard is therefore sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing, and the resolution of undisputed adjustments,

<u>Decision will be</u>

<u>entered under Rule 155</u>.